**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harold CASTELLO,
Defendant-Appellant.**

**No. 87–1330.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 27, 1987.

Decided Sept. 23, 1987.

William E. Callahan, Jr., Milwaukee, Wis., Terry W. Rose, Rose & Rose, Kenosha, Wis., for defendant-appellant.

Stephen J. Liccione, Asst. U.S. Atty., Francis D. Schmitsz and Mel S. Johnson, Asst. U.S. Atty., Patricia J. Gorence, U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

PER CURIAM.

■ This case is before the court on a motion by the appellant's attorney to withdraw pursuant to the procedure set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See also United States v. Edwards*, 777 F.2d 364 (7th Cir.1985) (per curiam). Appellant Harold Castello has not filed a response to the brief, although he was given an opportunity to do so. See Circuit Rule 51(a). After examining the *Anders* brief and the record in this case, we conclude that there are no arguable issues on which an appellate brief could be based and therefore grant the motion to withdraw and dismiss the appeal.

Castello was arrested after being involved in a drug sale with Special Agent Raymond Melick of the Drug Enforcement Administration. In a two-count indictment, Castello was charged with conspiring between September 11, 1986 and October 7, 1986 with Daniel Pansing and William Kratzke to possess with intent to distribute cocaine and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. The other count charged Castello with possession with intent to dis-

tribute cocaine on October 7, 1986, contrary to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After a jury found him guilty on both counts, Castello was sentenced to two consecutive six-year prison terms plus a three-year special parole term and a special assessment of $100.

■ Counsel has provided us with a brief raising six possible grounds for appeal and has indicated why those grounds are frivolous. The first concerns the question of the credibility of Pansing and Kratzke's testimony that Castello was involved in the drug transaction. At trial, defense counsel established that both men had entered into plea bargain agreements with the government in exchange for their testimony. In addition, counsel attempted to discredit their testimony by eliciting that Pansing had short-term memory loss due to drug use and Kratzke had lied to the government after being arrested. The jury believed their testimony, however, and judging the credibility of witnesses is a function reserved exclusively to the trier of fact. *United States v. Hollins*, 811 F.2d 384, 389 (7th Cir.1987).

■ Appointed counsel points to the denial of the defendant's motion for mistrial after juror misconduct as a possible issue on appeal. One of the jurors asked the security officer at trial about the difference between a grand jury and a petit jury, and the officer wrongly advised the juror that the two were the same. Judge Warren advised the juror, out of the presence of the other jurors, that the function of the two was not the same. The judge also asked the juror whether the conversation would make it difficult for him to function in a fair and impartial manner, and the juror indicated that it would not. The court ruled that it was satisfied that the juror was engaging in idle conversation with the security officer and denied the motion for mistrial. Such a conversation was not prejudicial to Castello, and harmless contact between a juror and a security officer is not grounds for reversal. *United States ex rel. Buckhana v. Lane*, 787 F.2d 230, 238 (7th Cir.1986).

■ Another potential issue on appeal is the denial of Castello's motion to reopen his case just before closing arguments in order to introduce an exhibit. The exhibit was a note seized from Pansing's apartment requesting that "Harry's best friend call me." As the testimony at trial indicated, Harry was another drug supplier, different from Castello. The defense counsel proposed to introduce the note to cast doubt on the identity of the drug supplier. The district court denied the motion to reopen, holding that the note was inadmissible because the defense counsel could not establish who the note was to, who wrote it, what it concerned, and who it was about. We agree with the district court that the note had no probative value, and there was no error in declining Castello's request to reopen his case to introduce the document into evidence. *See, e.g., United States v. Hinderman*, 625 F.2d 994, 996 (10th Cir. 1980) (per curiam) (noting that the trial court is vested with wide discretion to permit the reopening of either party's case).

■ A fourth possible issue on appeal concerns the district court's refusal to strike Pansing's testimony after he refused to answer some questions during defense counsel's cross-examination. Pansing admitted on direct examination that he had used aliases. When asked on cross-examination about the aliases he used in other criminal activities, Pansing invoked his Fifth Amendment right not to incriminate himself and refused to answer. The district court properly refused to strike Pansing's testimony. The information sought on cross-examination was collateral to his testimony on direct, and a district court should not strike relevant and competent direct examination testimony where a witness on cross-examination invokes the privilege against self-incrimination with respect to collateral questions which relate only to his credibility and do not concern the subject matter of his direct examination. *State ex rel. Monsoor v. Gagnon*, 497 F.2d 1126, 1129-30 (7th Cir.1974).

■ After Castello was arrested, he was handcuffed in an interview room at the Drug Enforcement Administration offices. Before any *Miranda* warnings had been

given, Agent Hehr overheard Castello talking to himself, saying that they were just trying to make a little money, as Hehr entered the room. Over defense counsel's objection, Agent Hehr testified that Castello made such a statement. The district court correctly determined that the testimony was admissible. *Miranda* applies only to custodial interrogation, and Castello was not subjected to questioning or its functional equivalent (any words or actions, other than those normally attendant to arrest and custody, that the police should know are reasonably likely to elicit an incriminating response from the suspect). *United States ex rel. Church v. DeRobertis*, 771 F.2d 1015, 1018 (7th Cir.1985) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980)).

The final issue submitted by appointed counsel is whether there was sufficient evidence to establish that Castello was involved in the conspiracy so that the out-of-court declarations of co-conspirators made in furtherance of the conspiracy were admissible. The district court accurately noted that the preponderance test is the appropriate one to determine whether Castello's participation in the conspiracy had been proven. *United States v. Santiago*, 582 F.2d 1128, 1134–35 (7th Cir.1978). *See also Bourjaily v. United States*, —— U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Moreover, sufficient independent evidence existed to indicate that Castello participated in the conspiracy. Karen McCann, a friend of Pansing's, testified that she saw Castello carrying the drugs, and Pansing testified that he saw Castello hand the drugs to Kratzke at the time of the drug sale.

Our review of the record reveals no colorable grounds for appeal. There were no irregularities at Castello's trial, and the district court properly ruled on those issues raised by counsel. Therefore, counsel's motion to withdraw is granted, and the appeal is

DISMISSED.