No. 95-3822

United States of America,   *
           *
    Appellee,   *
           * Appeal from the United States
   v.        * District Court for the
           * Southern District of Iowa.
Ronald D. Wallingford,   *
           *
    Appellant.   *

Submitted: April 8, 1996

Filed: April 30, 1996

Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Ronald D. Wallingford appeals from a final judgment of the district court[1] entered upon a jury verdict finding him guilty of conspiracy to distribute and distribution of methamphetamine. We affirm.

Wallingford first argues that the district court violated Fed. R. Crim. P. 43(b)(1), which provides:

> The further progress of the trial to and including the return of the verdict . . . will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial . . . is voluntarily absent after the trial has commenced (whether or not the defendant has been informed

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

by the court of the obligation to remain during trial)[.]

In this case, Wallingford was present from May 31, 1994, when trial began, until Friday, June 3, 1994, when both sides rested. However, Wallingford was not present when trial resumed for closing arguments at 8:30 a.m. on Monday, June 6. At 9:00 a.m., in response to the court's inquiry, counsel confirmed that he had not heard from Wallingford and that Wallingford did not have a telephone. The court stated that after having discussed the matter informally with both counsels, it would proceed with closing arguments, instructions and jury deliberations but would inform the jury that Wallingford was unable to attend. Wallingford's counsel moved for a mistrial, suggesting that Wallingford's absence might be due to health problems. The court denied the motion for a mistrial and issued a bench warrant for Wallingford's arrest. Before closing arguments and instructions, the court informed the jury that "Mr. Wallingford was unable to be with us today." After the jury convicted Wallingford, counsel filed a motion for a new trial, alleging, among other things, a Rule 43 violation. In denying the motion, the district court held that Wallingford, who still had not appeared, had suffered no prejudice from concluding the trial in his absence, noting he had been present for all of the trial except for closing arguments, instructions and deliberation. The court further noted that delaying the trial would have been a hardship on the jurors and to reconvene a new jury would have been a waste of judicial resources. Wallingford was eventually arrested on March 2, 1995 and sentenced on October 31, 1995 to 235 months imprisonment.

On appeal Wallingford does not contend that he was not voluntarily absent from trial on June 6. Nor does he disagree that the district court's finding regarding voluntary absence is reviewed for clear error and that its decision to proceed with trial in absentia is reviewed for an abuse of discretion. See United States v. Davis, 61 F.3d 291, 302 (5th Cir. 1995), cert.

denied, 116 S. Ct. 961 (1996).  Rather, he argues that the court committed reversible error by failing to conduct a proper inquiry into whether he was voluntarily absent.  The government responds that even if the district court had erred, any error is harmless since Wallingford concedes that he was a fugitive on the morning of June 6.

In deciding whether to proceed with trial in absentia, a district court must determine and make appropriate findings "(1) whether the defendant's absence is knowing and voluntary, and (2) if so, whether the public interest in the need to proceed clearly outweighs that of the voluntarily absent defendant in attending the trial." Id.  In addition, to aid appellate review of a finding of voluntary absence, a district court should "at the time make a record inquiry to attempt to ascertain the explanation for the absence of the accused." United States v. Krout, 56 F.3d 643, 646 n.5 (5th Cir. 1995) (internal quotation omitted), cert. denied, 116 S. Ct. 782 (1996).  However, it is clear that "a violation of Rule 43 may in some circumstances be harmless error." Rogers v. United States, 422 U.S. 35, 40 (1975).  In this case, we agree with the government that assuming the district court should have made a more thorough inquiry to determine whether Wallingford was voluntarily absent, any error was harmless.  As the government points out, Wallingford concedes he was a fugitive and thus cannot prove he was involuntarily absent when court convened the morning of June 6.  Indeed, "no issue of the voluntariness of his disappearance [has] ever [been] raised." Taylor v. United States, 414 U.S. 17, 20 (1973) (per curiam).

In similar circumstances, appellate courts have found harmless error and no abuse of discretion in a district court's decision to proceed with trial in absentia.  For example, in United States v. Guyon, 27 F.3d 723, 727 (1st Cir. 1994), the defendant did not dispute the district court's finding that he was voluntarily absent, but argued reversible error because the court failed to

make findings concerning its balancing of interests.  The First Circuit held that "any error the court made in failing to make explicit findings . . . was harmless" and that the court did not abuse its discretion in proceeding with trial in absentia, given that the defendant had "fled at the eleventh hour, in an apparent attempt to manipulate trial process in the exact manner that [Rule] 43(b) is designed to prevent."  Id. at 728.  See also United States v. Krout, 56 F.3d at 646 (even if record did "not show unequivocally that [defendant] voluntarily absented himself from the proceedings" no abuse of discretion in proceeding with trial in absentia, "especially in the light of the fact that [defendant] was apprehended over one year later").  The Supreme Court has stated that "there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by the conduct of the accused that prevents the trial from going forward."  Taylor v. United States, 414 U.S. at 20 (internal quotation omitted).

We also reject Wallingford's argument that the district court erred in failing to grant his motion for a new trial based on an extra-judicial contact between an alternate juror and a restaurant employee.  On Friday, June 3, while the alternate juror, who was wearing a juror identification badge, was on a lunch break at a restaurant near the courthouse, a restaurant cashier said to her, "I hope you don't find 'em guilty."  The alternate juror immediately reported the comment to the members of the jury and to a court security officer, who in turn reported it to the district court.  On Monday, after the jury retired for deliberations, the court conducted a hearing at which the alternate juror, who did not serve on the jury, testified that she believed that the comment was a casual remark and did not "think that [the cashier] meant anything specific," explaining that the cashier "would [not] have any clue what trial I was on" and would have said the remark to "anybody standing there with a juror tag on."  Wallingford did not move for a mistrial or request that the court examine the jury

panel concerning the comment.  However, in a motion for a new trial, he alleged juror misconduct based on the comment.  The court denied the motion, noting that the comment was unsolicited and that the juror promptly reported it.  Moreover, the court found that  Wallingford had not been prejudiced by the reporting of the comment to the jury because it was nothing more that an "off-hand remark by a restaurant employee."

Initially we note that "by failing to object to the procedures used by the district court or to request a mistrial," Wallingford has failed to preserve this issue for appeal.  United States v. Behler, 14 F.3d 1264, 1268 (8th Cir.), cert. denied, 115 S. Ct. 419 (1994).  "Accordingly, [Wallingford] is entitled to a new trial only if the district court committed plain error resulting in a manifest injustice."  Id.  Here, we find no plain error.  Wallingford's reliance on Remmer v. United States, 347 U.S. 227 (1954), is misplaced.  In Remmer, the Supreme Court held that "[in] a criminal case, any private communication, . . . directly or indirectly, with a juror during trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial."  Id. at 229.  However, "[t]he presumption of prejudice does not apply unless the extrinsic contact relates to 'factual evidence not developed at trial.'" United States v. Blumeyer, 62 F.3d 1013, 1016 (8th Cir. 1995) (quoting United States v. Cheyenne, 855 F.2d 566, 568 (8th Cir. 1988)), cert. denied, 116 S. Ct. 1263 (1996).  Here, there is no presumption of prejudice because, as the district court found, the "off-hand remark" did not refer to the factual evidence at the trial.  See id. at 1016 (jury foreman's hypothetical question to an outside attorney was not presumptively prejudicial because it did not relate to substantive matter in case). Moreover, Wallingford did not prove actual prejudice; nor do we think he could.  Indeed, "[i]n context, we do not believe that any reasonable person could interpret the [comment] to be anything other than a casual" non-specific remark.  United States v. Day, 830 F.2d 1099, 1104 (10th Cir. 1987) (no

prejudice arising from government's investigating agent and witness's casual remarks to juror during restroom break).[2] <u>See also</u> <u>United States v. Richmann</u>, 860 F.2d 837, 839 (8th Cir. 1988) (alleged comment by juror to witness was harmless, inter alia, because it was "beneficial to [defendant] and detrimental to the government") (overruled on other grounds by <u>United States v. Covos</u>, 872 F.2d 805, 809-10 (8th Cir.), <u>cert. denied</u>, 493 U.S. 840 (1989)), <u>cert. denied</u>, 490 U.S. 1089 (1989); <u>United States v. Castello</u>, 830 F.2d 99, 101 (7th Cir. 1987) ("harmless contact between a juror and a security officer is not grounds for reversal") (per curiam).

Accordingly, we affirm the judgment of the district court.[3]

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2] In <u>Day</u>, 830 F.2d at 1105, the court applied the <u>Remmer</u> presumption of prejudice because the contact was between a person associated with the case and a juror, but found that the government had overcome the presumption of prejudice and defendants had failed to demonstrate actual prejudice.

[3] Wallingford has submitted a pro se brief but has not moved for leave to file the brief. Even if he had moved to file the brief, we would deny the motion. "Generally it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel." <u>United States v. Blum</u>, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1435 (1996). We find no reason to depart from the policy in this case.