# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3632

_____

United States of America,       *
      *
          Appellee,       *    Appeal from the United States
      *    District Court for the Eastern
      v.       *    District of Missouri.
      *
Donnell H. Crites,       *
      *
          Appellant.       *

_____

Submitted: April 20, 1999
Filed: May 20, 1999

_____

Before BOWMAN,[*] Chief Judge, FAGG, Circuit Judge, and BOGUE,[**] District Judge.

_____

FAGG, Circuit Judge.

The Government charged Donnell H. Crites with certain drug-related offenses, and the case went to trial. After the Government rested but before Crites presented his defense, Crites tried to commit suicide by ingesting a mix of alcohol,

_____

[*]The Honorable Pasco M. Bowman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999. He has been succeeded by the Honorable Roger L. Wollman.

[**]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

methamphetamine, and prescription medications. Crites's counsel moved for a mistrial or a continuance when Crites, whose attempted suicide left him unconscious and hospitalized, did not appear at trial. The district court delayed the trial for half a day, gathered the facts surrounding Crites's suicide attempt, and questioned Crites's counsel about Crites's mental state during the trial and counsel's ability to present a defense in Crites's absence. Crites's counsel affirmed that Crites had ably assisted him throughout the Government's case and that counsel could present the defense he had planned despite Crites's absence. The district court then denied the motion for mistrial or continuance, finding that Crites was voluntarily absent and "that the public interest to proceed outweighs the voluntary absence of [Crites] in attending [his] trial." Crites's counsel presented his case, the jury convicted Crites on all counts, and Crites now appeals the district court's finding that he was voluntarily absent.

As a general rule, "[t]he further progress of the trial . . . will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, . . . is voluntarily absent after the trial has commenced." Fed. R. Crim. P. 43(b)(1) (1999). In deciding whether to proceed with trial in the defendant's absence, the district court must make appropriate findings whether the defendant's absence is knowing and voluntary and, if so, whether the public interest in the need to proceed clearly outweighs that of the voluntarily absent defendant in attending the trial. See United States v. Wallingford, 82 F.3d 278, 280 (8th Cir. 1996). The district court "should, 'at the time make a record inquiry to attempt to ascertain the explanation for the absence of the accused.'" Id. (quoted case omitted). We review the district court's finding on voluntary absence for clear error. See id.

On appeal, Crites contends only that "an attempted suicide does not constitute a voluntary absence from trial for the purposes of Rule 43." Contrary to Crites's view, the record supports the district court's finding that Crites chose not to attend the last day of his trial, but instead voluntarily took steps to end his life and to absent himself

-2-

permanently from the trial proceedings. Crites clearly expressed his desire to be absent by intentionally ingesting a potentially lethal mix of intoxicants and by leaving a suicide note in which he stated, "This is the only way I can feel like I have won a little bit. I am paying the price, but not the way they wanted me to." Before he lost consciousness, Crites also refused medical treatment and attempted to strike an officer who tried to convince him to go to the hospital. We thus conclude the district court did not commit clear error in finding that Crites was absent "because of his own voluntary conduct over an extended period of time last evening, . . . rendering him now unable to be here, even though he knew he had . . . the right to be here." See United States v. Davis, 61 F.3d 291, 300-03 (5th Cir. 1995) (defendant who was hospitalized after attempting suicide during trial was voluntarily absent and waived right to be present at trial); cf. United States v. Latham, 874 F.2d 852, 858-859 (1st Cir. 1989) (although defendant voluntarily ingested overdose of cocaine and was hospitalized during trial, defendant was not voluntarily absent because record showed defendant wanted to attend the trial, ingested drugs only to calm his nerves, and did not intend to commit suicide).

We affirm Crites's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-