# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1861
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Steven Tyrone Miller, also known as | * |
| Maurice Frazier, | * |
| | * |
| Appellant. | * |

_____

No. 01-2525

_____

Appeals from the United State
District Court for the
Eastern District of Arkansas.

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Jamo Jenkins, also known as Jaymo | * |
| Jenkins, | * |
| | * |
| Appellant. | * |

_____

Submitted:  November 13, 2001

Filed:  July 8, 2002
_____

Before WOLLMAN,[1] Chief Judge, BOWMAN, and STAHL,[2] Circuit Judges.
_____

WOLLMAN, Chief Judge.

Steven Miller and Jamo Jenkins appeal their sentences for their roles in a drug conspiracy. We affirm the district court's[3] rulings as to both defendants.

**I.**

The defendants Miller and Jenkins were indicted, along with 52 cohorts, on June 23, 1998, on 67 counts, including conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, marijuana, and PCP; substantive drug counts; and a forfeiture count for a nightclub in Little Rock, Arkansas. Pursuant to a plea agreement under which he agreed to cooperate with the government, Miller pled guilty to the conspiracy count and was sentenced to 420 months' imprisonment. At a Rule 35 hearing at which the government recommended a downward departure for Miller's assistance, the district court reduced the sentence to 204 months.

Jenkins was tried by a jury, which convicted him of conspiracy to possess and possession of a controlled substance with intent to distribute. At sentencing, the district court found that Jenkins had possessed cocaine and sentenced him to 330

---

[1]The Honorable Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002. He has been succeeded by the Honorable David R. Hansen.

[2]The Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

[3]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

months in prison. In his appeal from that conviction, we noted that the verdict did not specify which substance the jury found that Jenkins had possessed. We held that Jenkins was entitled to the assumption that the jury found him guilty of the least serious offense, possession of marijuana, and we remanded for resentencing. <u>United States v. Nicholson</u>, 231 F.3d 445, 454-55 (8th Cir. 2000). On remand, the district court imposed the maximum sentence of 60 months on each count of conviction. The district court renewed its finding that Jenkins was involved in the distribution of cocaine. Under this finding, the base offense level available under the sentencing guidelines--324 to 405 months--exceeded the 10 to 16 month range that would have been applicable had the court found that Jenkins had possessed only marijuana. Moreover, because the sentencing range exceeded the statutory maximum, the district court, as mandated by U.S.S.G. § 5G1.2, ordered that the sentences run consecutively rather than concurrently.

## II.

Miller's sole argument on appeal concerns an oral agreement that he alleges was made during plea negotiations but not recorded in the written plea agreement that he signed. He alleges that the government promised him a departure greater than the 17-year minimum set forth in the plea agreement. The government denies that this promise was made.

"Issues concerning the interpretation and enforcement of the plea agreement are issues of law reviewed de novo." <u>United States v. Thournout</u>, 100 F.3d 590, 594 (8th Cir. 1996) (citing <u>United States v. Coleman</u>, 895 F.2d 501, 505 n.8 (8th Cir. 1990)). "A plea agreement is contractual in nature and generally governed by ordinary contract principles." <u>Thournout</u>, 100 F.3d at 594 (quoting <u>United States v. Britt</u>, 917 F.2d 353, 359 (8th Cir. 1990)). The terms of Miller's plea agreement are not ambiguous. The agreement expressly states that it "completely reflects all

-3-

promises, agreements, and conditions made between the parties." United States v. Miller, No. LR-CR-98-91 (D. Ark. Aug. 26, 1998).

The district court found that the written plea agreement reflected the totality of the parties' understanding of what information Miller had agreed to provide and what the government had agreed to recommend in terms of a sentence reduction. Our reading of the transcript of the Rule 35 hearing satisfies us that the district court did not err in so ruling. Indeed, the record indicates that in light of Miller's less-than-cooperative behavior, the government had serious reservations about recommending a reduction in the sentence to 204 months. Likewise, the district court stated that it "was sorely tempted to make that reduction down only to 20 years" because of Miller's lack of cooperation and his manner of testifying, which the district court found was designed to make Miller look unbelievable before the jury.

Accordingly, we affirm the sentence imposed at the Rule 35 hearing.

## III.

As indicated earlier, in Jenkins's first appeal we ordered that the district court sentence Jenkins within the statutory maximum sentence for marijuana distribution, holding that such a result was mandated by the Supreme Court ruling in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which states that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See also United States v. Nattier, 127 F.3d 655, 661 (8th Cir. 1997) (holding that when a jury issues a general verdict "the district court should sentence the defendant on the alternative that yields a lower sentencing range"). On remand, the district court sentenced Jenkins to the statutory maximum of 60 months on each count and ordered that the sentence run consecutively.

Jenkins contends that the district court erred in considering as relevant conduct its finding that Jenkins was involved in the distribution of cocaine. Had the district court considered only the marijuana offenses, Jenkins would have been facing a maximum sentence of 16 months under the sentencing guidelines. Jenkins argues that just as the ambiguous jury verdict limited the maximum sentence to that applicable to the marijuana offense, so also it should limit the district court to imposing the minimum possible sentencing range. We do not agree. Apprendi applies only if the defendant is sentenced beyond the statutory maximum. 530 U.S. at 490. It is for the district court to determine the type and amount of drugs involved when determining the applicable sentencing range under the guidelines, so long as the sentence imposed does not exceed that applicable to the offense found by the jury, in this case one based upon marijuana possession and distribution. Edwards v. United States, 523 U.S. 511, 513-14 (1998). In addition, as we stated in Jenkins's first appeal, the ruling in Edwards precludes the applicability of Nattier in cases in which the ambiguity in the jury verdict affects only the judge's application of the sentencing guidelines. Nicholson, 231 F.3d at 455. The determination of the statutory maximum sentence is not affected by the judge's determination of the applicable sentencing range, and therefore Nattier is of no help to Jenkins. Accordingly, the district court did not err in utilizing the guidelines range resulting from its finding that Jenkins was involved in a conspiracy to distribute cocaine.

Likewise, the district court did not err in ordering the sentences to run consecutively, as that result is mandated by the guidelines. U.S.S.G. § 5G1.2(d);[4] United States v. Sturgis, 238 F.3d 956, 960-61 (8th Cir. 2001).

---

[4]U.S.S.G. § 5G1.2(d) states in part:

If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

Contrary to Jenkins's contention, the district court did not disregard the grouping provisions set forth in § 3D1.2.  The guidelines provide that Jenkins's convictions be grouped for the purposes of determining his base offense level.  § 3D1.2(d).  This grouping was performed on the basis of the district court's finding that Jenkins was involved in the distribution of cocaine, and the resulting offense level reflects that grouping.   Once the offense level has been determined, § 3D1.5 directs that it be used to determine the appropriate sentence in accordance with the provisions of Chapter 5 of the United States Sentencing Guidelines Manual.  See United States v. Buckland, 289 F.3d 558, 570 (9th Cir. 2002) (en banc).  Because the resulting sentencing range exceeds the statutory maximum for marijuana distribution, § 5G1.2 mandates consecutive sentences despite the grouping.

## IV.

The judgments are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-