# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1637

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Kenneth J. Frowner, also known as | * | **[UNPUBLISHED]** |
| Ken Dog, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 7, 2002
Filed: August 23, 2002

_____

Before BOWMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Kenneth Frowner pleaded guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d). In accordance with Frowner's plea agreement, the district court[1] sentenced him to 160 months imprisonment and 5 years supervised release. The court also ordered him to pay $145,632.16 in restitution. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in finding that Frowner was a career

_____

[1]The HONORABLE ROBERT W. PRATT, United States District Judge for the Southern District of Iowa.

offender. In his pro se supplemental brief, Frowner argues that the career-offender enhancement violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and that the district court plainly erred in not addressing each of his objections to the presentence report (PSR).

The district court did not err in imposing the 160-month sentence to which Frowner had agreed. <u>See</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995). Moreover, (1) Frowner did not object to the paragraphs of the PSR describing the prior robbery and drug offenses that made the career-offender enhancement applicable, <u>see</u> U.S.S.G. §§ 4B1.1, 4B1.2 comment. (n.1); <u>United States v. Montanye</u>, 996 F.2d 190, 192-93 (8th Cir. 1993) (en banc); (2) <u>Apprendi</u> does not apply because Frowner was sentenced to less than the statutory maximum of 25 years, <u>see</u> 18 U.S.C. § 2113(d); <u>United States v. Miller</u>, Nos. 01-1861, 01-2525, 2002 WL 1448330, at *2 (8th Cir. Jul. 8, 2002); and (3) any failure of the district court to address each of Frowner's objections was harmless, <u>see</u> Fed. R. Crim. P. 52(a). Following our independent review, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-