United States Court of Appeals
For the Eighth Circuit

_____

No. 12-3080
_____

United States of America

*Plaintiff - Appellee*

v.

Donald K. Washburn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 17, 2013
Filed: August 27, 2013

_____

Before SHEPHERD, BEAM, and MELLOY, Circuit Judges.

_____

BEAM, Circuit Judge.

Donald Washburn appeals his jury conviction for wire fraud, money laundering and making false statements to the United States Probation Office, the resulting sentence imposed by the district court,[1] as well as the district court's rulings on his

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

combined motion for judgment of acquittal and motion for new trial. He claims the court erred at trial in admitting certain evidence and that he was denied his right to "conflict-free" counsel and a fair trial. For the reasons stated herein, we affirm the conviction and sentence, and dismiss Washburn's claim for ineffective assistance of counsel without prejudice.[2]

## I.    BACKGROUND

While on probation for wire fraud and money laundering convictions related to prior commercial enterprises, Washburn again solicited investors in commercial opportunities (namely a dice game to be marketed to casinos and investments in the mining industry) in which Washburn erroneously claimed he had an interest.[3] The government charged Washburn in a 49-count indictment, including charges for wire fraud, money laundering and making false statements to the probation office. Prior to trial, the government offered Washburn a plea, in which it agreed to drop all remaining charges if Washburn pled guilty to two counts. Washburn initialed each paragraph of the plea agreement, signed the document, and returned it to the prosecution. In a letter to the court concerning the change of plea hearing, the government described the nature of the plea agreement. The day before the scheduled change of plea hearing, Washburn sought an indefinite continuance due to an "emergency medical necessity," "until such time as more thorough and certain medical information as to [Washburn's] condition and prognosis is available." The district court granted Washburn's motion but admonished that the trial remained set for about one month later and the burden was on Washburn to reset the change of plea hearing.

---

[2]Also pending on appeal are Appellant's Motion to Supplement the Record and Appellee's Motion to Strike Portions of Appellant's Brief. Both are denied, as they concern evidence not admitted before the district court and primarily inform Appellant's argument regarding his assistance of counsel claim that we dismiss.

[3]For a more complete picture of Washburn's prior convictions, see United States v. Washburn, 444 F.3d 1007 (8th Cir. 2006).

At some point, Washburn chose not to plead guilty so the hearing never took place and the plea agreement was never offered into evidence at such a hearing.

Washburn proceeded to trial, during which the government offered the signed and initialed factual stipulation contained in the plea agreement as evidence in its case against Washburn. The jury found Washburn guilty of 47 charges. Washburn appeals, claiming the district court erred in admitting the plea agreement's factual stipulation at trial. Washburn also challenges the district court's pretrial denial of his motion for severance. And, Washburn claims the district court's failure to appoint "conflict-free" counsel violated his rights under the Sixth Amendment. Finally, Washburn claims the district court's failure to halt trial when Washburn was seriously injured and briefly hospitalized near the end of trial violated his constitutional rights and his rights under Federal Rule of Criminal Procedure 43. Each challenge is discussed in detail below.

## II. DISCUSSION

### A. Use of Plea Stipulation

#### 1. Rule 410

The determination regarding whether a statement was made in the course of plea negotiations is a mixed question of law and fact reviewed de novo. United States v. Young, 223 F.3d 905, 908 (8th Cir. 2000). A determination as to whether a waiver of rights is valid is a question of law reviewed de novo. Id. at 909.

Whether the district court erred in admitting the plea stipulation of facts at trial is a layered inquiry. Federal Rule of Criminal Procedure 11(f) states, "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Rule 410 provides that the following

-3-

are inadmissible: a guilty plea that was later withdrawn, and a statement made during plea discussions with an attorney for the prosecuting authority that did not result in a guilty plea or they resulted in a later-withdrawn guilty plea. Fed. R. Evid. 410(a)(1), (a)(4). There is no dispute by the parties that the factual stipulation contained in the plea agreement offered at trial was made during the course of plea discussions. To allow into evidence this plea stipulation in the face of its general inadmissibility, then, the district court had to find that Washburn waived his rights under Rule 410. It is a determination regarding such waiver that drives our analysis on appeal.

"The Supreme Court has recognized that the protections offered by Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6) are presumptively waivable." Young, 223 F.3d at 909. "[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." United States v. Mezzanatto, 513 U.S. 196, 210 (1995).

Washburn claims the prosecution never advised him that the government would attempt to use the stipulation of facts at trial if he failed to enter or withdraw his plea. Additionally, he posits that this court must determine that even if it existed, the waiver language was hidden in the small print thus rendering it impossible for Washburn to make a knowing and intelligent waiver. He claims the plea memorandum contained no clear warning, and contained conflicting statements and vague references. At bottom, though, Washburn's claims that he involuntarily and unknowingly waived his rights under Rule 410 are unpersuasive on appeal.

The plea agreement initialed and signed by Washburn contained language regarding Washburn's waiver of rights. Language relied upon by the district court includes the following:

-4-

Paragraph 1: Defendant will plead guilty to Counts 13 and 46 of the [indictment.]

Paragraph 8: By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea and sentence. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. *Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court.* Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

Paragraph 30: If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (*including any stipulations in this agreement*) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

(boldface in original; italicization added).

-5-

Washburn violated paragraph 1 of the agreement, which stated that Washburn would plead guilty to two counts, and he otherwise refused to follow through with the plea agreement in violation of paragraph 8. Accordingly, the stipulation of facts contained in the plea agreement was fair game for use at trial per the agreement. In opposition to this conclusion, Washburn places great emphasis on the fact that the agreement was never approved and accepted by the court, and questions whether this plea agreement was binding the moment he added his initials and signature. However, Washburn offers no applicable legal precedent directly supporting the validity of his defensive assertions. He states more than once that "no plea was ever entered by [him]." However, this is not the crucial issue. The court's discussion in Young belies the importance of Washburn's argument that "no plea was ever entered by [him]," or that this plea language is too ambiguous. The plea agreement was binding at the time Washburn added his initials and signature. United States v. Miller, 295 F.3d 824, 827 (8th Cir. 2002) ("'A plea agreement is contractual in nature and generally governed by ordinary contract principles.'" (quoting United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996)).

As to whether Washburn waived his Rule 410 rights knowingly and voluntarily, "'[w]e look to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant willfully agreed to its terms.'" Young, 223 F.3d at 909 (quoting United States v. Michelsen, 141 F.3d 867, 871 (8th Cir. 1998)). In Young, the defendant entered into a plea agreement and provided a signed affidavit along with it, in part, so that he would be allowed to remain free on bond pending the plea and sentencing hearing. Id. at 907. The day before the change of plea hearing, arrest warrants were issued for Young and his co-defendants for absconding from pretrial supervision. Id. The government sought to introduce the affidavit signed by Young in its case against him, which the district court denied. Id. at 908. This court determined that the affidavits utilized by the government were made in the course of plea negotiations and were thus subject to the edicts of Rule 410 and Rule 11(e)(6). Id. The substantive issue on appeal in Young, as here, was

whether Young knowingly and voluntarily waived his rights under the plea-statement rule–whether the signed plea agreement could be used against him at trial.  Id. at 909. Relying upon similarly worded plea agreement language as that contained in Washburn's plea, this court held that Young's waiver of his plea-statement rights was knowing and voluntary, as there was no evidence that Young entered into the agreement involuntarily or unknowingly.  Id. at 911.

Like Young, there is no evidence in the record that Washburn entered into this agreement involuntarily or unknowingly.  Washburn does not dispute that he signed the plea agreement.  He does not contend that he was coerced to enter into the plea or that it was the product of duress.  Washburn argues instead that the judge was required to conduct an inquiry into the voluntariness of Washburn's waiver prior to allowing the factual stipulation into evidence.  While the court could have conducted such an inquiry, it was not required to do so on these facts.  Indeed, Washburn's arguments to the district court in resistance to the government's motion regarding the admissibility of the factual stipulation in the plea did not mention, or challenge, Washburn's waiver at all.  He never questioned the voluntary and knowing nature of this waiver before the district court.[4]  Regardless, notwithstanding the fact that Washburn failed to raise the issue, a dialogue between the district court and the defendant regarding the knowing and voluntary nature of a plea agreement that usually occurs at a change of plea hearing "is not a prerequisite for a valid waiver" of a particular right.  Michelsen, 141 F.3d at 871.

The language of the plea agreement constitutes a valid waiver of Washburn's plea-statement rights, as it clearly states that Washburn understood the provisions therein, among which was the acknowledgment that a consequence of failing to follow through with the plea could be that "this stipulation may be used against defendant at

---

[4]In fact, at trial, Washburn painstakenly made clear that "just so the record is clear, defendant has never maintained the statement, the factual stipulation, was not entered knowing [sic] and voluntary." Trial Tr. vol. III, 411.

any time in any proceeding." "[I]mplicit in advice regarding the consequences of foregoing a right is the knowledge that a right exists." Young, 223 F.3d at 911. "We do not believe that the failure to include a rote recitation of the rules in the plea agreement constitutes an 'affirmative indication that the agreement was entered into unknowingly or involuntarily.'" Id. (quoting Mezzanatto, 513 U.S. at 210). Despite Washburn's arguments to the contrary, the government "said what it meant" in the plea itself and nothing further was required.

When Washburn initialed the paragraphs of the factual stipulation contained in the plea memorandum and signed the document, "he was aware of the benefits he was securing, the rights he was foregoing, and the consequences of breaching the agreement." Id. Washburn does not highlight any evidence, persuasive or otherwise, that he entered into the agreement involuntarily or unknowingly. We conclude that Washburn's plea-statement waiver was knowing and voluntary and thus the district court did not err in allowing the government to successfully offer the plea agreement factual stipulation as evidence against Washburn.

## 2. Rule 403

Washburn alternatively argues that even if this court finds that he made a knowing waiver of his Rule 410 rights, the factual stipulation should have been excluded under Federal Rule of Evidence 403 as unduly prejudicial. Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The district court admitted the evidence, ruling that Washburn failed to demonstrate that evidence of the stipulations as to the two counts would cause the jury

to find Washburn's guilt on a ground different from proof specific to the offense charged. The court further held that Washburn failed to demonstrate that the probative value of the plea agreement factual stipulation was substantially outweighed by the danger that the government would present needlessly cumulative evidence. In fact, ruled the district court, admission of the stipulations had the opposite effect of streamlining the government's presentation of evidence.

On appeal Washburn falls well short of the threshold required for us to reverse the district court's evidentiary ruling. Lucas v. Jerusalem Café, LLC, No. 12-2170, 2013 WL 3868144, at * __ (8th Cir. July 29, 2013) ("Our review of the district court's evidentiary rulings is highly deferential, 'particularly . . . with respect to [Federal Rule of Evidence] 403' because the district court is better positioned than we are to weigh the probative value of a piece of evidence, in context, against its prejudicial effect." (quoting Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008) (alterations in original)). Washburn argues that the stipulation was admitted without limitation and laments that the court never gave a limiting instruction. However, Washburn fails to articulate how, in fact, the stipulation was unfairly prejudicial and, possibly more critically, never requested any limiting instruction whatsoever, nor objected to the proposed instructions as relevant to this claim. This claim is thus forfeited, as Washburn makes no showing of plain error. United States v. Natale, 719 F.3d 719, 729 (7th Cir. 2013) ("[W]hen a defendant does not object to a jury instruction before the jury retires to deliberate, the defendant may later attack that instruction only for plain error."). Indeed, the jury acquitted Washburn of two counts despite Washburn's stipulations admitting facts relevant to the charges. Accordingly, we affirm the district court's admission of the factual stipulation under Rule 403.

## B.    Pretrial Motion for Severance

Prior to trial, Washburn moved to sever the financial counts (the wire fraud and money laundering charges) from charges relating to alleged false statements to the United States Probation Office. Before the district court, Washburn claimed that the use of his prior fraud conviction and incarceration as evidence for the prosecution in the false statements case would only cloud the wire fraud and money laundering prosecutions and would thus be exploited by the government at trial and greatly prejudice Washburn. Additionally, Washburn claimed that had the court severed the charges, he would have testified in his defense in the false statements trial. The district court denied the motion and, as a result, Washburn argues he was prejudiced.

Even if charges are properly joined under Federal Rule of Criminal Procedure 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of them. Fed. R. Crim. P. 14. The parties here dispute the proper standard of review this court should apply to the district court's denial of Washburn's pretrial motion to sever. The government argues that the review is for plain error because Washburn did not renew his motion for a separate trial at the close of the government's case nor raise it in his motion for new trial. United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008). Washburn, on the other hand, claims that this issue was, indeed, preserved and that our review is de novo. United States v. Tyndall, 263 F.3d 848, 849 (8th Cir. 2001).

Having determined that Washburn did not, in fact, renew his motion to sever at the close of the government's case-in-chief or at the close of the evidence, we acknowledge "what appears to be a split in authority on the appropriate standard of review" in these circumstances. United States v. Garrett, 648 F.3d 618, 625-26 n.5 (8th Cir. 2011) (noting that in similar circumstances courts of this circuit have applied an abuse of discretion standard as well as plain error review). We need not settle the

matter, however, because whether reviewing for either plain error or for an abuse of discretion, the outcome in this case remains the same. See United States v. Carter, 481 F.3d 601, 606 n.3 (8th Cir. 2007). Applying an abuse of discretion standard, which, of the two, would be most favorable to Washburn, "we will reverse only when that abuse of discretion results in severe or clear prejudice." United States v. Reynolds, No. 12-2968, 2013 WL 3466822, at *2 (8th Cir. July 11, 2013). "'Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal.'" Id. (quoting United States v. Brown, 653 F.3d 656, 662 (8th Cir. 2011)).

The district court held that evidence of Washburn's prior convictions was admissible on the challenged counts under Federal Rule of Evidence 404(b). "[S]ince Defendant's prior conviction would be admissible in a separate trial on Counts 1 through 36, Defendant will not be unduly prejudiced by the joinder of Counts 1 through 49. In the event he proceeds to trial, any prejudice to Defendant's case will be adequately lessened when the court instructs the jury on the appropriate use of Rule 404(b) evidence."[5] Too, the court held that Washburn's claim that he "may very well wish" to testify failed to provide the court with sufficient information to conduct the necessary inquiry.

We affirm the court's denial of Washburn's motion to sever because the district court did not abuse its discretion in its determination that Washburn's prior conviction for wire fraud and money laundering would be admissible on all charges and would not be unduly prejudicial. The prior conviction entailed a scheme almost identical to

---

[5]On appeal, Washburn also claims that the district court erred by failing to give a limiting instruction on the use of Rule 404(b) evidence as it indicated but Washburn did not offer such an instruction nor object to the proposed instructions during the conference with the court. Accordingly, this claim is forfeited, as Washburn makes no showing of plain error. Natale, 719 F.3d at 729 ("[W]hen a defendant does not object to a jury instruction before the jury retires to deliberate, the defendant may later attack that instruction only for plain error.").

the charged schemes and would thus be probative of motive, intent, plan, identity, and absence of mistake. Relevant here, this court has held in similar circumstances that the unfair prejudice did not substantially outweigh the probative value of a defendant's prior conviction for similar schemes because the close similarity of the prior incidents made the evidence especially probative on the question of the defendant's intent and the absence of accident. United States v. Shillingstad, 632 F.3d 1031, 1035 (8th Cir. 2011). As a matter of course, Washburn cannot demonstrate that a joint trial caused him severe prejudice since his prior conviction would have been probative and admissible in a separate trial on counts 1 through 36. Accordingly, we affirm the district court's denial of Washburn's pretrial motion to sever.

## C.     Sixth Amendment Challenge

Washburn argues for the first time on appeal that during trial, the district court identified evidence that contradicted the stipulation of facts already admitted into evidence. Upon this discovery, according to Washburn, the court admonished defense counsel that if counsel had possession of the documents at the time he allowed his client to sign the plea agreement, he committed malpractice, as the documents were exculpatory to the false statement charges. On appeal, Washburn argues that the court should have, sua sponte, realized that its statements created a potential conflict for Washburn's trial counsel. He claims the failure of the district court to further inquire about counsel's conflict and/or have Washburn sign a waiver of some sort acknowledging that his counsel was not conflict-free, after making such an admonishment, violated his Sixth Amendment rights. Because Washburn failed to raise the issue below, we review for plain error. United States v. Thornberg, 676 F.3d 703, 706 (8th Cir. 2012) ("An error by the trial court, even one affecting a constitutional right, is forfeited if not timely asserted. Accordingly, our review is for plain error."), cert. denied, 133 S. Ct. 1654 (2013).

As highlighted by Washburn, it is readily established that when a court determines that a defendant is deprived of conflict-free counsel, the failure of the court to appoint separate counsel or to otherwise take adequate steps to ascertain whether the risk is too remote to warrant separate counsel, deprives the defendant of the guarantee of assistance of counsel. Holloway v. Arkansas, 435 U.S. 475, 484 (1978) (holding that the district court's failure to appoint separate counsel when counsel had repeatedly represented to the court that representation of the three defendants in a single trial could not be done without conflict). Certainly the right to counsel's undivided loyalty is a critical component of the right to assistance of counsel and that any deprivation thereof violates the Sixth Amendment. United States v. Edelmann, 458 F.3d 791, 806-07 (8th Cir. 2006). This line of jurisprudence, however, is inapposite as to the facts here.

As gleaned from the district court record, the documents that are the topic of this discussion are handwritten pages Washburn gave to his attorney prior to trial that were allegedly submitted as attachments to Washburn's monthly reports to the probation office and that refute each false statement charge, count by count, as alleged in the indictment. The district court, on the record, described these alleged exculpatory documents as "suspicious," unsure of exactly what they would prove, and surmised in the abstract that "[i]t would be attorney malpractice and ineffective assistance to let somebody enter into a plea agreement if you had evidence that was directly contrary, which these [exhibit C documents] purport to be. And I'll be curious to hear the foundation on these, if they were not in the records of the Probation Office along with the monthly reports." The colloquy between the parties' counsel and the court concerning these documents was general in nature, discussing the documents' existence and what they were comprised of, and left any conclusion regarding their later admission to trial counsel, dependent upon a legal determination as to their veracity and the ability to lay foundation in support of their admission at trial.

-13-

The court did not "[find] that a potential conflict existed," as Washburn claims, but rather noted with curiosity the nature and circumstances surrounding the documents' creation and use. Contrary to Washburn's gloss on the colloquy, upon hearing these words by the district court, his trial counsel was not faced with the choice of admitting documents and having the court conclude trial counsel was ineffective and had committed malpractice, or not introducing the evidence and avoiding such grave possibilities. The statements by the district court do not suggest that malpractice or ineffective assistance occurred, nor do they lead to an analysis of whether they created a situation of conflict contemplated by this court's Sixth Amendment jurisprudence. Accordingly, Washburn is unable to demonstrate that his trial counsel had a potential conflict of interest and Washburn's claim on appeal fails, as the district court had "no further obligation." Edelmann, 458 F.3d at 807. There is no plain error here.

Despite Washburn's adamant claim otherwise, to the extent this claim could be construed as a post-conviction ineffective assistance argument claim cloaked as a constitutional one on direct appeal as the government argues, the matter is dismissed without prejudice. A defendant may only bring an ineffective assistance claim on direct appeal "'where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent.'" United States v. Thompson, 690 F.3d 977, 992 (8th Cir. 2012) (quoting United States v. Hubbard, 638 F.3d 866, 869 (8th Cir. 2011)), cert. denied, 133 S. Ct. 1611 (2013). This court has, "on occasion," reviewed ineffective assistance of counsel claims on direct appeal when "the trial court was able, either through its own observations or via testimony from a hearing, to observe the performance of defense counsel and draw relatively unbiased conclusions about the quality of that performance." Id. at 992-93. In that vein, the record is not fully developed enough on this issue to hold that a plain miscarriage of justice occurred and we therefore dismiss this claim without prejudice.

**D.    District Court's Failure to Delay Trial**

Finally, on the day the court was to consider jury instructions, it learned that Washburn was in the hospital, suffering from a self-inflicted nail gun injury that Washburn claims he endured accidentally while trying to affix molding during a remodel project at home, early on the morning of trial. The court sought specific information from those closer to Washburn and his treating doctors and heard testimony from the supervising probation officer that spoke with one of Washburn's physicians, the hospital social worker, and the deputy that had responded to the 911 call. Based upon the information gleaned from these individuals, the district court determined that Washburn's absence at trial that day was voluntary and thus Washburn waived his Rule 43 and constitutional rights to be present at every trial stage. The court further concluded that the public interest in proceeding outweighed any delay to accommodate Washburn's absence. The parties, without Washburn, conducted the jury instructions conference and the government gave its closing argument. Washburn returned to court after his release from the hospital in time to be present for his own closing argument.

This court reviews the lower court's finding of voluntary absence for clear error, and the decision to continue with the trial in absentia for an abuse of discretion. United States v. Wallingford, 82 F.3d 278, 280 (8th Cir. 1996); United States v. Novaton, 271 F.3d 968, 996 (11th Cir. 2001). "In deciding whether to proceed with trial in absentia, a district court must determine and make appropriate findings (1) whether the defendant's absence is knowing and voluntary, and (2) if so, whether the public interest in the need to proceed clearly outweighs that of the voluntarily absent defendant in attending the trial." Wallingford, 82 F.3d at 280 (internal quotation omitted). "However, it is clear that 'a violation of Rule 43 may in some circumstances be harmless error.'" Id. (quoting Rogers v. United States, 422 U.S. 35, 40 (1975)).

It seems as though, especially in this instance, the district court was in the best position to discern whether Washburn's brief absence was voluntary or not. Having made that determination, it was likewise not an abuse of discretion to conclude that

the public interest in the need to proceed outweighed Washburn's interest in attending the final parts of his trial. And, in this instance, even if it were error, it was harmless because Washburn attended the entire trial through the close of evidence and was even able to return to witness his defense counsel's closing arguments. Most importantly, Washburn does not articulate any prejudice suffered by this brief absence, other than it violated his constitutional right to be present. Peterson v. United States, 411 F.2d 1074, 1080 (8th Cir. 1969) ("[I]f no prejudice to a defendant's substantial rights resulted from his absence at a stage of the proceedings, the courts will not overturn his conviction.").

The district court's conclusion is thorough and telling:

In this case, the court held a hearing to determine whether Defendant was voluntarily absent. . . . Following the hearing, the court made the factual finding that Defendant intentionally injured himself. The court based this finding on the improbability of accidental injury given the safety features of the nail gun. In addition, the court was skeptical of Defendant's story that he was installing trim in his laundry room very early in the morning and just hours before he was due in court, particularly in light of the fact that only a week earlier he claimed that he was in such poor health that he required twenty-four hour supervision. Adding to the court's skepticism was the fact that the nail with which Defendant injured himself was not appropriate for securing trim to drywall and the door frame. Finally, the court relied on Defendant's history of malingering, both in this case and in his prior 2005 case. After reviewing the evidence, the court affirms its prior ruling that Defendant voluntarily absented himself and, consequently, waived his right to be present at trial.

We affirm the district court's decision to continue with trial despite Washburn's brief absence.

## III.    CONCLUSION

For the reasons stated herein, we affirm.

_____