# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1373
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Spencer Hahn

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: October 20, 2022
Filed: January 26, 2023
_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Jeremy Spencer Hahn was convicted of attempted enticement of a minor, travel with intent to engage in illicit sexual conduct, and transfer of obscene material to a minor, in violation of 18 U.S.C. § 2422(b), 18 U.S.C. § 2423(b), and 18 U.S.C.

§ 1470. The district court[1] sentenced him to 144 months in prison. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Hahn argues that the district court erred in admitting parts of his signed plea agreement that the court had not accepted. This court reviews evidentiary rulings for abuse of discretion. *United States v. Hellems*, 866 F.3d 856, 861 (8th Cir. 2017). Under Federal Rule of Evidence 410, "evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:"

> (1) a guilty plea that was later withdrawn;
> (2) a nolo contedere plea;
> (3) a statement made during a proceeding on either of those please under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
> (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

**Fed. R. Evid. 410(a)**. But a knowing and voluntary waiver of Rule 410 in a plea agreement is valid and enforceable. *See United States v. Quiroga*, 554 F.3d 1150, 1154 (8th Cir. 2009) (holding that the Rule 410 right "is waivable by agreement" unless there is "some affirmative indication that the agreement was entered into unknowingly or involuntarily"). *See also United States v. Washburn*, 728 F.3d 775, 781 (8th Cir. 2013) (Rule 410 waiver in plea agreement became enforceable "at the time [the defendant] added his initials and signature," even though the plea agreement was not accepted by the district court).

Hahn explicitly waived his Rule 410 rights in his signed plea agreement. It said:

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

At trial, Hahn's prior counsel Jeff Courtney testified that Hahn knowingly and voluntarily signed the plea agreement, noting that he read, discussed, and explained each paragraph to him, specifically covering the waiver. Hahn believes the district court should not have relied on Courtney's testimony alone because it contradicted Hahn's testimony. But it is the district court's role to determine the credibility of testimony, and that determination is "virtually unassailable on appeal." ***United States v. Cates***, 613 F.3d 856, 858 (8th Cir. 2010). The court did not err in finding Hahn waived his Rule 410 rights and admitting parts of the plea agreement.

## II.

Hahn maintains the court erred by finding he waived attorney-client privilege about the plea agreement and allowing Courtney to testify. Courtney testified as a rebuttal witness to refute Hahn's testimony that the plea agreement was not entered voluntarily. But "[v]oluntary disclosure of attorney client communications expressly waives the privilege." ***United States v. Workman***, 138 F.3d 1261, 1263 (8th Cir. 1998). Before trial, Hahn dismissed Courtney as counsel and withdrew his notice to plead guilty, arguing that he never accepted the terms of the agreement and did not knowingly and voluntarily waive his rights under Fed. R. Evid. 410 or Fed. R. Crim. Pro. 11(f). Ruling on the motion, the district court found Hahn waived his

attorney-client privilege on the issue. He did not contest this finding. Because Hahn waived his attorney-client privilege on communications about the plea agreement and because Courtney properly testified to refute Hahn's testimony, the court did not err in allowing the testimony. *See **United States v. Jean-Guerrier***, 666 F.3d 1087, 1092 (8th Cir. 2012) ("Rebuttal evidence is offered to explain, repel, counteract, or disprove evidence of the adverse party." (cleaned up)); ***Workman***, 138 F.3d at 1263.

## III.

Hahn asserts the court erred in limiting Rule 412 evidence. This court reviews evidentiary rulings for abuse of discretion and evidentiary rulings implicating constitutional rights de novo. ***United States v. White***, 557 F.3d 855, 857 (8th Cir. 2009). Federal Rule of Evidence 412 prohibits, among other things, evidence of a victim's "other sexual behavior." **Fed. R. Evid. 412(a)(1)**. The advisory committee notes to Rule 412 indicate a broad range of evidence that falls within "other sexual behavior." **Fed. R. Evid. 412 advisory committee notes, Subdivision (a)**. *See **United States v. Papakee***, 573 F.3d 569, 572-73 (8th Cir. 2009) (citing advisory committee notes and upholding exclusion of evidence that victim propositioned deputy sheriff for sex because it constituted "other sexual behavior" under Rule 412(a)(1)). To offer evidence of "other sexual behavior," a defendant must "file a motion that specifically describes the evidence and states the purpose for which it is to be offered" at least 14 days before trial and must serve the motion on all parties and notify the victim. **Fed. R. Evid. 412(c)(1)(A)-(D)**. Hahn failed to file any motion, and the district court did not err in declining to admit the evidence on those grounds.

## IV.

Hahn believes the court erred in denying his motion for judgment of acquittal on Count 1 (enticement of a minor) because the government did not prove: (1) he knew the victim's age; and (2) took a substantial step toward commission of the crime. This court reviews the sufficiency of the evidence de novo. ***United States v.***

*Aldridge*, 664 F.3d 705, 715 (8th Cir. 2011). The evidence is viewed "in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences." *United States v. Casteel*, 663 F.3d 1013, 1019 (8th Cir. 2011). Reversal is only appropriate if "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id*.

Enticing a minor required that Hahn knowingly used a means or facility of interstate or foreign commerce to persuade, induce, or entice an individual under 18 to engage in sexual activity, knowing the individual was under 18. *See* **18 U.S.C. § 2422(b)**. As charged and instructed here, the sexual activity was "sexual abuse in the third degree," which required that Hahn perform a sex act with the victim while the victim was 12 or 13, and Hahn and the victim were not living together as husband and wife. *See* **Iowa Code Section 709.4(1)(b)(2) (2013)**.

On the victim's age, the evidence showed that the victim told Hahn her real age of "13 or 14." He then left the chat, but returned, saying:

> Defendant: Still wanna fuck?
> Defendant: Let's fuck
> K.C.: Um even tho u know my age
> Defendant: Ya

Texts between Hahn and the victim also show he knew her age. These messages mention that her pubic hair had not grown, that she was concerned about her parents finding out, and that she wanted to run away from home. In his interview with law enforcement, Hahn admitted to being open to having sex with 13-, 14-, and 15-year-olds and made incriminating statements about how he was in legal trouble for his actions. Finally, he acknowledged the victim's age in his stipulation of facts in the plea agreement. The court did not err in finding he knew the victim's age.

On the substantial step, the evidence showed that Hahn used the internet to ask the minor victim to have sex with him, even after knowing her age. Additionally, he requested naked pictures of her, sent naked photographs of himself, made plans

to meet her, discussed having sex with her in his vehicle, and asked that she return to his hotel room. He traveled to pick her up, communicated with her once he arrived, and when she stopped communicating with him, texted her calling her a "fucking bitch" and telling her how much "I fucking hate you." The district court did not err in finding the evidence sufficient to show Hahn took a substantial step toward enticement of a minor under 18 U.S.C. § 2422(b).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____