# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2741

———————————————

United States of America

*Plaintiff - Appellee*

v.

LaSamuel Richardson, III

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Eastern

——————————

Submitted: June 15, 2022
Filed: July 21, 2022

——————————

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

——————————

GRUENDER, Circuit Judge.

LaSamuel Richardson, III was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's[1] denial of his

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota, adopting the Report and Recommendation of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota, with respect to the motion to suppress.

motion to suppress, two additional evidentiary rulings, and the application of a sentencing enhancement under U.S.S.G. § 2K2.1(a)(3). We affirm.

## I.

On January 4, 2019, soon after 7:00 a.m., Angela Holtgard reported to the police that a white male was masturbating in a silver SUV outside of her house in Fargo, North Dakota. A police officer responded but was unable to locate the car. Holtgard provided the police with a video from her surveillance cameras of the incident.

On January 7, Holtgard's next-door neighbor, Kari Teschendorf, reported to the police that she saw a silver SUV parked in front of Holtgard's house. Teschendorf thought it was the same car that had been in front of Holtgard's house a few days earlier. Teschendorf told the police that she thought the driver might be a black male, and she gave the police the license plate number. The car was a gold Honda CR-V registered to a white male, Richardson's uncle, in Williston, North Dakota.

Detective Paul Simonson searched the car's license plate number in the North Dakota Sex Offender Registry and learned that Richardson had identified the gold Honda CR-V as his primary car when he registered with the police department in Williston, North Dakota, where he lived. Richardson was listed on the sex-offender registry because of a past conviction for indecent exposure. Although Detective Simonson knew Richardson is black based on past interactions with him, Detective Simonson testified that Holtgard's statement that the suspect was white did not negate his suspicion of Richardson because Richardson "has a pretty light complexion to begin with" and bright lights make it more difficult to discern colors when it is dark.

Having identified Richardson as a suspect, Detective Simonson contacted Richardson's probation officer who said that Richardson had been granted

permission to travel to Fargo and was monitored by GPS. The probation officer told Detective Simonson that, according to the GPS data, Richardson was at Holtgard's address on January 4, 2019 around 7:00 a.m. and was also near her house on January 7, 2019 at the time Teschendorf reported seeing the car.

Next, Detective Simonson asked the probation officer for Richardson's current location. Detective Simonson drove to Richardson's current location, a parking lot, and recognized him in the gold CR-V. Detective Simonson observed Richardson drive to another parking lot, exit the car, and enter a black car driven by Ariel Jackson. Detective Simonson also observed the black car drive away, and at Detective Simonson's request, a patrol officer initiated a traffic stop of Jackson's car as it pulled into a gas station parking lot. Then, Detective Simonson arrested Richardson for indecent exposure. After arresting Richardson, Detective Simonson searched Richardson's person and found a pistol magazine that contained ammunition in his jacket pocket.

While Richardson was being transported to the jail, Detective Simonson notified Richardson's probation officer of the ammunition, and they decided to conduct a probationary search of the CR-V. In it they found an AR-15 rifle. Jackson's car was not searched at the time of Richardson's arrest, but she later testified that when the police stopped her car, Richardson hid a handgun underneath the front passenger-side seat. Jackson turned the handgun over to the authorities.

Richardson was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). He moved to suppress all evidence seized during the search of his person and the CR-V following his arrest for indecent exposure. The district court denied the motion to suppress.

Before trial, the Government filed two motions *in limine*. First, the Government sought to admit as intrinsic evidence the events leading up to Richardson's arrest, including evidence about Richardson masturbating in front of Holtgard's house, his sex-offender status, and his probation status. Second, the

Government sought to introduce evidence of Richardson's six prior felony convictions. The district court granted both motions over Richardson's objections.

At trial, the Government played Holtgard's surveillance video showing Richardson masturbating in a car and introduced evidence that Richardson was a registered sex offender and was on probation. The Government also introduced evidence of Richardson's prior convictions, including the name of the prior offense, the date of the conviction, the jurisdiction where the offense occurred, the felony offense level, the length of Richardson's sentence, the probation condition prohibiting him from possessing a firearm, and the relevant information in those convictions that proved Richardson was the individual convicted.

Richardson was convicted by a jury of one count of possession of a firearm by a felon. In calculating Richardson's base offense level, the presentence investigation report applied a sentencing enhancement, U.S.S.G. § 2K2.1(a)(3), which applies if the defendant has at least one prior felony conviction "of either a crime of violence or a controlled substance offense." Richardson objected to the classification of his prior felony conviction for North Dakota robbery as a crime of violence under U.S.S.G. § 4B1.2. The district court overruled the objection and sentenced Richardson to 120 months' imprisonment. Richardson appeals, challenging the district court's denial of his motion to suppress, the additional evidentiary rulings, and the application of the sentencing enhancement.

**II.**

We begin with Richardson's argument that the district court erred in denying his motion to suppress because there was no probable cause to arrest him and search his person or vehicle. "We review the denial of the motion to suppress under a mixed standard of review." *United States v. Holly*, 983 F.3d 361, 363 (8th Cir. 2020). "We review the district court's findings of fact under the clearly erroneous standard, and the ultimate conclusion of whether the Fourth Amendment was violated is subject to *de novo* review." *Id.* "We will reverse a finding of fact for clear error only if, despite

evidence supporting the finding, the evidence as a whole leaves us with a definite and firm conviction that the finding is a mistake." *Id.* (internal quotation marks omitted).

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley v. California*, 573 U.S. 373, 382 (2014). "A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *United States v. Rowe*, 878 F.3d 623, 629-30 (8th Cir. 2017). "Probable cause to make a warrantless arrest exists when the totality of the circumstances at the time of the arrest [is] sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1059 (8th Cir. 2013) (internal quotation marks omitted). "Law enforcement officers have substantial latitude in interpreting and *drawing inferences from* factual circumstances." *United States v. Green*, 9 F.4th 682, 690 (8th Cir. 2021) (internal quotation marks omitted).

Once a defendant has been arrested, police can search the defendant's person for the purpose of "protecting arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy." *Arizona v. Gant*, 556 U.S. 332, 339 (2009). "[W]hen a probationer is subject to a probationary search condition, the Fourth Amendment permits an officer to search pursuant to that condition without a warrant based only upon that officer's reasonable suspicion that the probationer is violating his probation's terms." *United States v. Brown*, 346 F.3d 808, 811 (8th Cir. 2003); *see United States v. Rodriquez*, 829 F.3d 960, 961-62 (8th Cir. 2016) (approving of a search of a car under the probation-search exception to the warrant requirement).

First, we conclude that the officers had probable cause to arrest Richardson because the totality of the circumstances at the time of the arrest was sufficient to lead a reasonable person to believe that Richardson committed the offense of indecent exposure. *See Ulrich*, 715 F.3d at 1059. Under North Dakota law, "[a]n

individual, with intent to arouse, appeal to, or gratify that individual's lust, passions, or sexual desires, is guilty of a class A misdemeanor if that individual . . . [m]asturbates in a public place or in the presence of a minor." *See* N.D. Cent. Code § 12.1-20-12.1(1)(a).

Before Richardson's arrest, Holtgard had reported a white male in a silver SUV masturbating in front of her house in Fargo, North Dakota and provided to the police a surveillance video of the incident. The license plate number Teschendorf provided of the car she saw parked in front of Holtgard's house linked the car to Richardson's uncle, a white male who lived in Williston, North Dakota; in the sex-offender registry, the car was registered as Richardson's vehicle. Richardson's probation officer said that he had given Richardson permission to travel to Fargo, North Dakota, and GPS data from Richardson's GPS unit showed that Richardson was in Holtgard's neighborhood at the time when the car was reported on January 4 and 7. Richardson had previously been convicted of indecent exposure and was a registered sex offender.

Richardson argues that it was unreasonable to rely on the GPS data because the tracking device was not working properly and that it was unreasonable to suspect Richardson committed indecent exposure because Holtgard identified the suspect as white. True, the GPS data shows inconsistencies in Richardson's location. Nonetheless, it was reasonable to rely on the GPS tracker data and to assume that the tracking device was working properly because Detective Simonson did not know the GPS device was not working properly. *Cf. United States v. Martin*, 15 F.4th 878, 882 (8th Cir. 2021) (noting that it is reasonable for police officers to rely on third-party GPS data when pursuing suspects). And although Richardson is black and Holtgard reported seeing a white male, Detective Simonson testified that he knew Richardson has a "pretty light complexion" and that in the video "he turns on his dome light . . . and it's pretty bright in there," so "I could understand how someone might perceive him as a white male." It was reasonable to infer that Richardson was the driver seen masturbating in front of Holtgard's house. *See Green*, 9 F.4th at 690.

Second, we conclude that the officers properly searched Richardson's person and his car after he was arrested. The search of Richardson's person was a proper search incident to arrest. *See Gant*, 556 U.S. at 339. The search of the CR-V was a proper probationary search because Richardson was subject to a probationary search condition and there was reasonable suspicion to believe that he possessed firearms based on the pistol magazine found in his pocket or that he violated the law by committing the offense of indecent exposure, both of which were prohibited by his probation conditions. *See Brown*, 346 F.3d at 811; *Rodriquez*, 829 F.3d at 961-62.

## III.

Next, Richardson argues that the district court should have limited the evidence introduced about his six prior felony convictions because the Government needed to prove only that Richardson knew he had one prior conviction punishable by more than one year's imprisonment. *See* § 922(g)(1); *Rehaif v. United States*, 588 U.S. ---, 139 S. Ct. 2191, 2200 (2019) ("[I]n a prosecution under 18 U.S.C. § 922(g) . . . , the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). According to Richardson, the probative value of the evidence about prior convictions besides the first conviction is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403.

"Evidentiary rulings are reviewed for abuse of discretion, and we afford deference to the district judge who saw and heard the evidence." *United States v. Hellems*, 866 F.3d 856, 861 (8th Cir. 2017). We may reverse an evidentiary ruling "only when [it] affected the defendant's substantial rights or had more than a slight influence on the verdict." *Id.*

The district court did not abuse its discretion in allowing the Government to introduce evidence about Richardson's six prior convictions. "[T]he government can introduce evidence of multiple prior felony convictions . . . to ensure that the government can satisfy its burden of proof in the event the defendant is successful

-7-

in contesting one or more of the convictions in front of the jury." *Id.* at 862-63 (internal quotation marks and brackets omitted). Generally, under Rule 403, "if a defendant is willing to stipulate to his prior felony conviction, the district court must keep evidence of the name and nature of the conviction out of the record." *Id.* at 862; *see also Old Chief v. United States*, 519 U.S. 172, 180, 185-86, 191-92 (1997). But "[w]hen a defendant refuses to stipulate [to a prior felony conviction], the government may introduce the name and nature of the prior convictions to prove the prior-conviction element of the charge." *Hellems*, 866 F.3d at 862. The Government may also introduce evidence that the defendant was the person convicted of the offense. *United States v. Jones*, 266 F.3d 804, 811 (8th Cir. 2001).

Contrary to Richardson's claim, the probative value of the evidence of his prior convictions was not substantially outweighed by the risk of unfair prejudice. Richardson did not stipulate that he knew he was a felon, meaning the district court was permitted notwithstanding *Old Chief* to admit evidence about the prior convictions to prove that Richardson knew he was a felon. *See Hellems*, 866 F.3d at 862; *Rehaif*, 139 S. Ct. at 2200. Accordingly, the Government properly introduced as to Richardson's convictions the name of the prior offense, the jurisdiction where it occurred, the felony offense level, and the length of Richardson's sentence to prove that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. *See Hellems*, 866 F.3d at 862; § 922(g)(1). The Government also properly provided testimony about the convictions to prove that Richardson was the person convicted. *See Jones*, 266 F.3d at 811. Further, introducing evidence about all of Richardson's convictions was probative of whether he knew he was a felon. *See Rehaif*, 139 S. Ct. at 2200; *United States v. Hammond*, 996 F.3d 374, 396 (7th Cir. 2021) ("[The defendant] had several prior felony convictions, including other armed robberies, for which he received decades-long sentences. . . . There is no doubt that a jury permitted to hear such evidence would find [the defendant] knew his felon status." (internal quotation marks and alteration omitted)).

Although the Government introduced some information about the convictions not mentioned in *Hellems* or *Jones*—the jurisdiction and the date of the offense—that information was probative of Richardson's prior convictions. *See* Fed. R. Evid. 401. Though also not mentioned in *Hellems or Jones*, the probation condition prohibiting Richardson from possessing firearms is probative of whether Richardson knew he was a felon. *See Rehaif*, 139 S. Ct. at 2200. The district court did not abuse its discretion in declining to exclude this evidence.

The fact that one of Richardson's prior convictions was for possession of a firearm by a felon does not alter this conclusion. We have previously held in a case involving a conviction for possession of a firearm by a felon that "the admission of [the defendant's] three prior felony convictions was [not] unduly prejudicial, despite the fact that two involved the misuse of firearms." *Rush v. United States*, 795 F.2d 638, 639-40 (8th Cir. 1986); *see also United States v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."). Furthermore, here, the district court limited prejudicial effect by instructing the jury that the evidence of prior convictions "does not mean that the Defendant committed the crime charged here. You may use the evidence of the prior convictions only to help you decide whether the United States has proven that the Defendant had been convicted of a crime punishable by imprisonment for more than one year." *See United States v. Aldridge*, 664 F.3d 705, 715 (8th Cir. 2011) ("The presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts." (brackets omitted)). Therefore, the district court did not abuse its discretion in admitting evidence about Richardson's six prior convictions.

## IV.

Next, Richardson argues that the district court abused its discretion in admitting evidence about the indecent-exposure incident, his sex-offender and probation status, and the fact that he was subject to GPS monitoring. We also review this evidentiary ruling for an abuse of discretion. *See Hellems*, 866 F.3d at 861.

Only relevant evidence is admissible, Fed. R. Evid. 402, and relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence" so long as "the fact is of consequence in determining the action," Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Subject to these rules, "[w]e have recognized that a jury is entitled to know the circumstances and background of a criminal charge, and have permitted the introduction of evidence providing the context in which the crime occurred, i.e. the *res gestae*." *United States v. LaDue*, 561 F.3d 855, 857 (8th Cir. 2009) (internal quotation marks and brackets omitted).

"In felon-in-possession cases, we have defined the scope of the *res gestae* to include the events immediately preceding the defendant's arrest, as well as the circumstances of the arrest itself." *Id.* at 857-58 (citations omitted). "[W]hen evidence of other crimes is so blended or connected . . . ; or explains the circumstances [of the crime charged]; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005).

The district court did not abuse its discretion in allowing the Government to introduce evidence about Richardson's indecent exposure, including the surveillance video and his sex-offender and probation status. The evidence about Richardson's alleged indecent exposure explains the circumstances of Richardson's later indictment for possession of a firearm by a felon. When Richardson was arrested during the traffic stop, he was arrested for indecent exposure, not possession of a firearm by a felon. Detective Simonson would not have been able to identify Richardson as the suspect had Richardson not been a registered sex offender on probation, monitored by GPS. Even though the indecent-exposure incident occurred three days before the arrest, it is inextricably intertwined with the felon-in-possession offense. *See LaDue*, 561 F.3d at 858.

Richardson argues that even if the evidence was probative, the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. We disagree. "Unfair prejudice means an undue tendency to suggest decision on an improper basis, including evidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." *United States v. Huyck*, 849 F.3d 432, 440 (8th Cir. 2017) (internal quotation marks and brackets omitted). The *res gestae* evidence is probative of why Richardson was arrested and how the firearms were discovered, including how the officers identified Richardson's car where the AR-15 was found. True, the *res gestae* evidence suggests that Richardson is guilty of indecent exposure. But the *res gestae* evidence does not involve any violent conduct or a firearm and is not "so inflammatory on its face as to divert the jury's attention from the material issues in the trial." *See Huyck*, 849 F.3d at 440. The probative value of the *res gestae* evidence was not substantially outweighed by the danger of unfair prejudice. Therefore, the district court did not abuse its discretion in allowing the Government to introduce the evidence about the circumstances of Richardson's arrest that led to finding the firearms. *See* Fed. R. Evid. 403.

## V.

Finally, Richardson argues that North Dakota robbery is not a crime of violence under U.S.S.G. § 4B1.2(a), *see* § 2K2.1 cmt. n.1 (defining "[c]rime of violence" with reference to § 4B1.2(a)), and therefore the district court erred in applying the sentencing enhancement. "We review the district court's determination that an offense qualifies as a crime of violence under the Guidelines de novo." *United States v. Lopez-Castillo*, 24 F.4th 1216, 1218 (8th Cir. 2022). "Under the Sentencing Guidelines, a 'crime of violence' is any offense 'under federal or state law . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another,' or is one of a list of enumerated offenses (including robbery)." *United States v. Stovall*, 921 F.3d 758, 759 (8th Cir. 2019) (quoting § 4B1.2(a)).

We need not decide whether North Dakota robbery qualifies as a crime of violence because any alleged error was harmless. "Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence, such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." *United States v. Martinez*, 821 F.3d 984, 988-89 (8th Cir. 2016) (internal quotation marks and citation omitted); *see* Fed. R. Crim. P. 52(a). Here, the district court said that "this is a sentence that the Court would impose regardless of the guidelines based on 3553(a) factors and based on the entire record in this matter." This statement is sufficient to show that the alleged error in finding that North Dakota robbery is a crime of violence did not affect Richardson's sentence. *See Martinez*, 821 F.3d at 988-89. Thus, the alleged error was harmless.

## VI.

For the foregoing reasons, we affirm the denial of Richardson's suppression motion, the district court's additional evidentiary rulings, and Richardson's sentence.

_____