# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-1516

———————————————

United States of America

*Plaintiff - Appellee*

v.

James Johnson

*Defendant - Appellant*

———————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

———————————

Submitted: January 13, 2023
Filed: May 23, 2023
[Unpublished]

———————————

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

———————————

PER CURIAM.

After a jury trial, James Johnson was convicted of possession of a firearm as a convicted felon, and he was sentenced to 63 months' imprisonment. Johnson

appeals, arguing that the district court[1] abused its discretion by admitting evidence of his prior felony convictions and that his sentence is unreasonable.

## I.

On November 28, 2019, a Union Pacific Railroad employee reported to the police that a man was trespassing on the company's property in Johnson County, Missouri. When officers arrived, they found Johnson walking along the railroad tracks. Johnson identified himself, and the officers learned from a criminal records check that he was on parole for a felony offense. The officers asked Johnson whether he had any weapons or firearms, and Johnson told them that he had a firearm in the bag he was carrying. The officers arrested Johnson and confiscated the firearm.

In a recorded post-Miranda interview, Johnson said that he had purchased the firearm and some ammunition two months earlier and that he had test-fired the firearm in a park to gain familiarity with it. Johnson also admitted that he had a prior felony conviction for which he was incarcerated for 40 years, that he had been incarcerated for 6 additional years due to a parole violation, and that he understood he was prohibited from possessing a firearm. But Johnson explained that he bought the gun "because the law wasn't always going to be there to protect him" and so he "had to go outside the law" to protect himself.

On December 11, 2019, a grand jury indicted Johnson on one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] Johnson pleaded not guilty. Before trial, Johnson declined to stipulate to two elements of the § 922(g)(1) offense: that he had been "convicted of a felony offense for which he could receive a term of imprisonment greater than one year," and that he "knew he had been convicted of a crime punishable by

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

[2]The former § 924(a)(2) has since been amended and recodified at § 924(a)(8).

-2-

imprisonment for a term exceeding one year." Johnson also filed a motion in limine seeking to prevent the government from offering into evidence his prior first-degree murder conviction or the facts of any of his prior felony convictions. The district court ruled the prior convictions were admissible but limited the government to introducing evidence of "the date of the offense, the name of the offense, the charging name of the offense, and the venue of conviction, and the date and sentence for the convictions."

At trial, part of Johnson's post-<u>Miranda</u> interview was played for the jury. The government also introduced evidence of Johnson's prior convictions, including Johnson's 1978 Missouri convictions for first-degree murder, first-degree robbery, and assault with intent to do great bodily harm with malice, as well as records maintained by the Missouri Department of Corrections indicating the sentence Johnson received for each conviction and his parole history. The jury returned a guilty verdict.

Johnson's advisory Guidelines range was 51 to 63 months' imprisonment. At sentencing, Johnson requested a sentence of time served, noting his advanced age of 76 years, his need for mental and physical health services, and that he possessed the firearm solely "for protection." In its analysis of the 18 U.S.C. § 3553(a) sentencing factors, the district court acknowledged that Johnson was "cooperative" and "polite" when he was arrested, and that he had not "threaten[ed] anyone with the gun." But the court noted Johnson's "extremely violent [criminal] history" and that his criminal behavior had "escalat[ed]" from possessing a knife to unlawfully "possessing a gun." The court also expressed concern that Johnson had not yet "ag[ed] out of criminal activity." Based on these factors, the district court imposed a sentence of 63 months, to be followed by 3 years of supervised release.

II.

A.

On appeal, Johnson argues that the district court abused its discretion by admitting into evidence more information about his three prior felony convictions than was necessary, resulting in unfair prejudice. We review the district court's evidentiary rulings for clear abuse of discretion. United States v. Fechner, 952 F.3d 954, 958 (8th Cir. 2020). We will reverse "only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." United States v. Picardi, 739 F.3d 1118, 1124 (8th Cir. 2014) (quoting United States v. Summage, 575 F.3d 864, 877 (8th Cir. 2009)).

For prosecutions under 18 U.S.C. § 922(g)(1), the government must prove both that a defendant has a prior felony conviction and that he knew he had previously been convicted of a felony. Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019). But the government's evidence, even if relevant, may nevertheless be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Evidence is unfairly prejudicial when it is "so inflammatory on its face as to divert the jury's attention from the material issues in the trial." United States v. Betcher, 534 F.3d 820, 825 (8th Cir. 2008) (quoting United States v. Johnson, 463 F.3d 803, 809 (8th Cir. 2006)). Johnson contends the government chose "the most inflammatory means" of proof by introducing evidence about his multiple felony convictions—in particular, that he was convicted of first-degree murder, that he had received sentences of life imprisonment for the convictions, and that he served additional time in prison after violating his parole.

When a defendant declines to stipulate that he knew he had a prior felony conviction, the government may introduce the "name of the prior offense, the date of the conviction, the jurisdiction where the offense occurred, the felony offense level, the length of [the defendant's] sentence, the probation condition prohibiting him from possessing a firearm, and the relevant information in those convictions that

proved [the defendant] was the individual convicted." United States v. Richardson, 40 F.4th 858, 863, 865–66 (8th Cir. 2022). The introduction of this evidence, we have explained, is probative of both the prior convictions themselves and whether the defendant had knowledge of his prohibited status. See id. at 866. We have also held that the government may introduce evidence of multiple prior felony convictions "to ensure that [it] can satisfy its burden of proof in the event the defendant is successful in contesting one or more of the convictions in front of the jury." United States v. Hellems, 866 F.3d 856, 863 (8th Cir. 2017) (cleaned up) (quoting United States v. Jones, 266 F.3d 804, 812 (8th Cir. 2001)); see also Richardson, 40 F.4th at 865–66.

Here, Johnson declined to stipulate to his status as a convicted felon or to his knowledge of that status, and we see no basis on this record to distinguish this case from our precedent. And to the extent there was prejudice, the district court gave the jury a limiting instruction before the evidence was admitted, diminishing any prejudicial effect. See Richardson, 40 F.4th at 866–67 ("The presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts." (citation omitted)). The district court did not abuse its discretion in admitting evidence of Johnson's prior convictions after concluding that the probative value of this evidence was not outweighed by the danger of unfair prejudice.

B.

Johnson also challenges the length of his sentence. We review the substantive reasonableness of sentences under "a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quotations and citation omitted).

Johnson argues that the district court gave insufficient weight to certain factors, such as the non-violent nature of the offense, that "his risk of danger to the public has markedly decreased" due to his age, and that his remaining estimated life expectancy is less than ten years. However, the record demonstrates that the district court considered and discussed the relevant § 3553(a) factors and concluded that a sentence of 63 months was necessary "to protect the public from further crimes" by Johnson. Johnson disputes the court's characterization of his past criminal conduct, but we see no clear error in the court's consideration of Johnson's criminal history, his personal history and characteristics, or the instant offense. A district court has "wide latitude" in its assessment of the sentencing factors and "may assign some factors greater weight than others," United States v. Chavarria-Ortiz, 828 F.3d 668, 672 (8th Cir. 2016), and we discern no abuse of the court's discretion here.

III.

The judgment of the district court is affirmed.

_____

-6-